FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 29 2009

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS | : MULTIDISTRICT LITIGATION |
| LIABILITY LITIGATION | : NO. MDL 875 |

## ADMINISTRATIVE ORDER NO. 11, AS AMENDED EFFECTIVE MARCH 16, 2009

Whereas Asbestos Products Liability Litigation (MDL 875) has been an active, ongoing multidistrict action since July 29, 1991, and

Whereas the undersigned transferee judge has analyzed the existing Court case management procedures as they relate to MDL 875, and is of the view that adjustments of these procedures need to be made to allow a more efficient discharge of the transferee court's responsibilities, it is hereby

**ORDERED** that the following modifications to the existing procedures for the processing of cases, dockets, pleadings and orders in MDL 875 cases are adopted:

1.  *Calendar Management.*

    Effective immediately, and except as otherwise set forth herein, the management of the case files and dockets for all pending MDL 875 cases (and, the files and dockets for all future MDL 875 cases filed after the entry of this Administrative Order) shall be transferred to the Transferee Court in accordance with both the schedule compiled by the Clerk of the Transferee Court and the following terms:

    A.  **Actions to be taken by the Clerks of the Transferor Courts.**

        I.  The Clerks of the Transferor Courts shall retain all case files for those actions in which all claims have been completely resolved between all parties, including bankrupt defendants, whether by dismissal, stipulation or attrition. Unless otherwise directed, case files and dockets of cases previously remanded to the Transferor Courts by the Judicial Panel on Multidistrict Litigation shall also be retained by the Transferor Court. In addition, the Clerks of the Transferor Courts shall retain all case files and dockets for those actions transferred to a state court or a federal district court registry which has been previously specifically established for the placement and tracking of asbestos personal injury cases which do not currently meet specified criteria for advancement to trial.

        II. The remaining cases having unresolved claims against bankrupt defendants and non-bankrupt defendants shall be transferred to the Transferee Court in the following manner:

            a.  In the interests of administrative efficiency and uniformity,

1

upon the entry of an Order of Transfer by the undersigned

judge, a list of all cases to be transferred shall be sent by the Clerk of the Transferee Court to the Clerk of the Transferor Court. The Clerk of the Transferee Court shall retrieve a copy of each docket sheet from the CM/ECF system from the Clerk of the Transferor Court for the transferred cases, and shall initiate a new file in the Transferee Court. The Clerk of the Transferor Court shall mark the Transferor Court's file "CLOSED."

    b. In the event the Transferor Court does not maintain its MDL 875 cases under the CM/ECF system, a paper copy of each docket sheet for the cases to be transferred shall be forwarded to the Clerk of the Transferee Court.

    c. New pleadings, documents and other papers received for filing after the case has been transferred shall be forwarded to the Clerk of the Transferee Court, and the Clerk of the Transferor Court shall notify all counsel concerned, as well as all *pro se* parties, that all future pleadings are to be filed with the Clerk of the Transferee Court, in accordance with the conditions set forth in Section 1.B.II of this Administrative Order, by giving notice of this Order to counsel and to any *pro se* party.

III. Documents in any asbestos personal injury lawsuit involving MDL 875 filed in any one Transferor Court shall not be filed in the Transferee Court until a Transfer Order has been entered in the Transferee Court that states that documents in that specific Transferor Court shall be filed in the Transferee Court.

IV. Any document in any asbestos personal injury lawsuit involving MDL 875, over which the Transferor Court, and not the Transferee Court, has jurisdiction and venue, shall not be filed in the Transferee Court until a Transfer Order has been entered in the Transferee Court that states that documents in that specific Transferor Court shall be filed in the Transferee Court.

B. **Actions to be taken by the Clerk of the Transferee Court.**

    I. The Clerk of the Transferee Court shall maintain dockets and create case files in all actions transferred from the Transferor Courts as soon as they are received.

    II. All documents submitted to the Clerk of the Transferee Court shall be treated in all respects in accordance with the Transferee Court's

Local Rules of Civil Procedure 5.1.2; and 5.1.3.

  III. The Clerk of the Transferee Court shall compile a schedule of all MDL 875 cases in order to allow for the more efficient transfer of MDL 875 cases from the Transferor Court to the Transferee Court.

  IV. The Clerk of the Transferee Court shall submit to the undersigned transferee judge a quarterly pending caseload status report specific to the Transferee Court and each Transferor District Court.

2. *Motions.*

All Motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied *without prejudice* and with all time requirements held in abeyance from the initial date of filing. Counsel may refile any unresolved motions for further transferee court action. Motions brought in accordance with the procedures contained in Administrative Order #3 shall be preceded by a telephone conference with the Court. Disputing counsel shall attempt to resolve issues between the parties without Court assistance, and failing resolution, through a telephone conference with the Court prior to the filing of any disputed motion.

3. *Exclusions.*

The dockets and files for cases filed in the United States District Court for the Northern District of Ohio under the designation "MARDOC-MDL875(2)" shall not be transferred at this time under the terms of this order.

4. *Conflicts.*

To the extent that any conflicts exist, this Administrative Order shall take precedence over and supercede all previous administrative orders in this Multidistrict Litigation consolidation.

      **BY THE COURT:**

      *[signature]*
      EDUARDO C. ROBRENO, J.

      Date: March 16, 2009

3

## NOTICE

## RE: MDL 875
Asbestos Litigation

Please be advised that pursuant to Administrative Order No. 11, all documents in MDL 875 are to be filed in the United States District Court for the Eastern District of Pennsylvania. Documents are required to be filed on the Court's Electronic Case Filing (ECF) System in accordance with Local Rule of Civil Procedure 5.1.2.

Registered users can access ECF at the Court's Internet site
https://ecf.paed.uscourts.gov

Should you have any questions concerning this matter, please contact the Office of the Clerk of Court at 267-299-7018 or 267-299-7019.